# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BASF CORPORATION | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 18-3981 |
| | : | |
| EDGEMONT AUTO BODY, INC. | : | |
|     Defendant. | : | |

## MEMORANDUM

**Jones, II. J.**                                                                                                                              **February 22, 2019**

### I.  Introduction

Plaintiff BASF Corporation, a seller of automotive refinish products to Defendant Edgemont Auto Body, Inc., commenced the above-captioned matter alleging breach of contract and related claims. In response, Defendant filed the instant Motion to Dismiss for failure to meet the amount in controversy requirement under 28 U.S.C. § 1332. For the reasons set forth below, Defendant's Motion shall be denied.

### II.  Background

On August 11, 2011, BASF and Edgemont Auto Body entered into a contract ("the Agreement") for the sale of automotive refinish products. (Compl. ¶ 8.) Under the Agreement, Edgemont Auto Body agreed to fulfill one-hundred percent of its refinishing product requirements with BASF-brand products, with a minimum purchase requirement of $234,000 ("Minimum Requirement"). (Compl. ¶ 9.) BASF then paid Edgemont $24,000 ("Contract Fulfillment Consideration") as good faith consideration for future satisfaction of the Agreement terms. (Compl. ¶ 10.)

In September 2016, BASF alleged that Edgemont breached and ultimately terminated the Agreement by entering into a contract with a BASF competitor, and failing to purchase one-hundred percent of the $234,000 Minimum Requirement. (Compl. ¶ 12.) BASF informed Edgemont of their failure to comply with the terms of the Agreement by letters dated May 12, 2017 and June 8, 2017. (Compl. ¶ 17.) Nonetheless, Edgemont failed to respond to either letter and allegedly continued to breach the Agreement. (Compl. ¶ 18.)

As such, Plaintiff now raises the following claims against Defendant: (1) breach of contract; (2) unjust enrichment; and, (3) bad faith. (Compl. ¶¶ 19-39.) BASF alleges that, at a minimum, it is entitled to a refund of the $24,000 Contract Fulfillment Consideration, as well as the remaining balance of Edgemont's Minimum Purchase Requirement of $234,000. (Compl. ¶¶ 14–15.) Plaintiff's Complaint does not specify how much of the Minimum Requirement remains unpaid under the Agreement—only that the total amount of damages were in excess of the $75,000 required of federal diversity claims. (Compl. ¶ 24.)

Defendant argues Plaintiff has failed to meet the amount in controversy requirement because Defendant exceeded the $234,000 Minimum Requirement. (Br. Supp. Mot. Dismiss 1.) To support this claim, Defendant produced a receipt for more than $378,000 in refinishing products. (Br. Supp. Mot. Dismiss Ex. C.) As such, Defendant alleges that the only remaining amount in controversy is the $24,000 in Contract Fulfillment Consideration—far below the $75,000 required under 28 U.S.C. § 1332. (Br. Supp. Mot. Dismiss 2.)

**III.     Standard of Review**

A challenge to subject matter jurisdiction under Rule 12(b)(1) may take two forms: a facial challenge or a factual challenge. *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). "District courts have discretion to treat Rule 12(b)(1) motions as either facial or factual challenges to their subject matter jurisdiction." *Byers v. Intuit, Inc.*, 564 F. Supp. 2d 385, 397 (E.D. Pa. 2008). If a facial challenge concerns an alleged pleading deficiency, the trial court is restricted to a review of the allegations of the complaint and any documents referenced therein. *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008); *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000). When considering a facial challenge, "the court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A factual challenge "concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA*, 535 F.3d at 139 (internal quotation, citation, and alterations omitted). If the challenge before the trial court is a factual challenge, the court does not accord any presumption of truth to the allegations in the plaintiff's Complaint, and the plaintiff bears the burden of proving subject-matter jurisdiction. *Id.* With a factual challenge, the court may weigh evidence outside the pleadings and make factual findings related to the issue of jurisdiction. *Id.*; *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007). "[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891.

## IV. Discussion[1]

### A. Amount in Controversy

Diversity jurisdiction under 28 U.S.C. § 1332 requires both diversity of the parties and an amount in controversy over $75,000. Neither party disputes that complete diversity exists here. Rather, they dispute whether or not Plaintiff has met its burden to prove that the damages sought exceed the $75,000 threshold. Although Defendant has attached a receipt purporting to show $378,000 in BASF-brand purchases, this Court shall treat Defendant's attack on the amount in controversy as a facial attack, because this receipt does not "controvert[] the plaintiff's allegations[.]" *John G. v. Northeastern Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007). Specifically, the receipt does not identify BASF as the recipient, nor does it demonstrate that the payments were made exclusively for BASF-brand refinishing products. (Br. Supp. Mot. Dismiss Ex. C.) Instead, the receipt demonstrates little more than the fact that Defendant made $378,000 in payments to an entity named "Finishmaster" for unspecified products, and therefore has no bearing on this Court's ultimate determination. (Br. Supp. Mot. Dismiss Ex. C.)

As the party invoking diversity jurisdiction, Plaintiff bears the burden to prove that the amount in controversy exceeds $75,000. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d

---

[1] This Court notes Plaintiff's argument that the instant motion should be denied as untimely under Fed. R. Civ. P. 12(a) because Defendant filed it thirty-nine (39) days after the Complaint was filed. (Br. Opp'n Mot. Dismiss 5-6.) It is well established that the issue of subject matter jurisdiction is non-waivable. *See Wilmington Sav. Fund Soc'y, FSB v. Harvin*, 680 F. App'x 144, 145 (3d Cir. 2017) (accepting argument made for the first time on appeal that District Court lacked jurisdiction, as the issue of subject matter may be raised "at any time") (citing *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 347 (3d Cir. 2003)). Because Defendant did not respond to Plaintiff's Complaint within twenty-one (21) days of being served, Plaintiff could have sought default judgment but did not.

Cir. 2014)). "But that burden is not especially onerous." *Id.* In general, "'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (U.S. 1938)). Moreover, the court may only dismiss a Complaint for failure to allege the requisite amount if it appears "'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul*, 303 U.S. at 288–89).

In *Angus v. Shiley Inc.*, the Third Circuit emphasized that a determination of legal certainty must not be "measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." 989 F.2d 142, 146 (3d Cir. 1993). Although the plaintiff in *Angus* alleged an amount in controversy that was $10,000 below the jurisdictional amount, the court measured the jurisdictional amount based on a reasonable valuation, rather than the low end of Plaintiff's open-ended claim and determined that the requisite amount in controversy had been satisfied. *Id.* at 146-46.

As with *Angus*, Plaintiff herein has alleged a jurisdictional amount based on an open-ended, unspecified valuation. Plaintiff's Complaint alleges damages as high as $258,000 when the Minimum Requirement and Contract Fulfillment Consideration are combined. Since the amount in controversy ranges from below the jurisdictional amount to well above it, this Court is not required to accept the low-end valuation unless it is clear, to a legal certainty, that the claim is really for less than the jurisdictional amount. No such legal certainty exists here, therefore Plaintiff has met its burden regarding the amount in controversy.

B	**Bad Faith**

Defendant further argues Plaintiff has acted in bad faith by claiming the amount in controversy to be in excess of $75,000. (Br. Supp. Mot. Dismiss 2.) Our courts have held that "damages claimed in bad faith solely to invoke federal diversity jurisdiction [will not stand]." *Cambridge Educ. Ctr., Inc. v. Son Hwa Yi*, Civil Action No. 11-7140, 2012 U.S. Dist. LEXIS 139189, at *7 (D. N.J. Sept. 27, 2002) (citing *St. Paul*, 303 U.S. at 288-89). Such is not the case here. In view of this Court's findings above regarding the amount in controversy, Defendant's claim of bad faith is without merit.

V.	**Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss shall be denied.

An appropriate Order follows.

BY THE COURT:

 /s/  C. Darnell Jones, II   J.
